1   TIMKEN JOHNSON HWANG LLP
    A Professional Law Group
2   HEIDI A. TIMKEN (SBN 159731)
    htimken@timkenlawgroup.com
3   CHRISTOPHER J. GONZALEZ (SBN 227804)
    cgonzalez@timkenlawgroup.com
4   1931 San Miguel Drive, Suite 100
    Walnut Creek, CA  94596
5   Telephone:      (925) 945-6211
    Facsimile:      (925) 945-7811
6
    Attorneys for Plaintiff
7   PRUDENTIAL ANNUITIES LIFE ASSURANCE
    CORPORATION
8

9                   UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12  PRUDENTIAL ANNUITIES LIFE
    ASSURANCE CORPORATION,            Case No.  2:10-cv-02046-MCE-GGH (TEMP)

13            Plaintiff,              **STIPULATED ORDER FOR (1) PALAC TO
                                      DEPOSIT FUNDS PURSUANT TO FRCP**
14  v.                                **67, (2) DISCHARGING PALAC FROM
                                      FURTHER LIABILITY, AND**
15  NANCY L. FAIRFIELD, DEVIN ROE,    **(3) FOR DISMISSAL OF PALAC WITH
    CASSANDRA ROE, and THE ESTATE     PREJUDICE**
16  OF GLENN ROE, DECEASED,

17

18            Defendants.

19          Plaintiff, Prudential Annuities Life Assurance Corporation (hereinafter "PALAC"), and

20  Defendants, Nancy L. Fairfield ("Nancy"), Devin Roe ("Devin"), Cassandra Roe ("Cassandra")

21  and The Estate of Glenn Roe (the "Estate"), hereby stipulate as follows:

22          1.      On July 30, 2010, PALAC filed the above-captioned action against Nancy, Devin,

23  Cassandra and the Estate, in connection with certain death benefits payable under Variable

24  Annuity Contract number E0889874 (the "Annuity"), which PALAC issued to Glenn Roe (the

25  "Annuitant") in or about November 2009 (the "Action").

26          2.      The Annuitant died on February 16, 2010.

27          3.      There are competing claims to the death benefits payable under the Annuity as a

28  result of the death of the Annuitant.

- 1 -

1    4.    PALAC is a neutral stakeholder in this action, and is ready and willing to pay the

2 death benefits under the Annuity but is faced with double or multiple liability on account of the

3 competing claims made by or available to Nancy, Devin, Cassandra and the Estate.

4    5.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332

5 because the amount in controversy is greater than $75,000.00, and there is diversity of citizenship

6 among the parties in that Plaintiff PALAC has its principal place of business in Connecticut and

7 all of the defendants reside in California.

8    6.    Nancy, Devin, Cassandra and the Estate have been properly served with process,

9 are properly before the Court, and have each appeared and asserted their independent claims of

10 entitlement.

11    7.    It is in the best interests of the Parties for the death benefits payable under the

12 Annuity to be interpled and PALAC dismissed from this lawsuit to stop accrual of attorneys' fees

13 and costs.

14    8.    As of March 21, 2011, the current value of the death benefits payable under the

15 Annuity is $155,894.49.   Pursuant to the terms of the Annuity, the death benefits payable under

16 the Annuity are currently being held in a money market account.  The parties understand and

17 acknowledge that, as a variable annuity, the precise amount of the death benefits payable under

18 the Annuity will not be set until the final check is issued and that the amount of the death benefits

19 ultimately paid into the Court's registry may be less than the amount set forth in this paragraph

20 due to market conditions.

21    **IT IS THEREFORE ACCORDINGLY ORDERED, ADJUDGED, AND DECREED:**

22    1.    PALAC shall deposit with the Clerk of this Court the death benefits payable under

23 the Annuity as of the date of issuance of the check.

24    2.    The Clerk shall deposit these funds into the Registry of this Court as soon as the

25 business of this office allows, and the Clerk shall deposit these funds into an interest-bearing

26 account as a routine deposit pursuant to Local Rule 150(c).

27    3.    These funds so invested in the interest-bearing account shall remain on deposit

28 until further order of this Court.

4.      Pursuant to Local Rule 150(i), the funds will be assessed a registry fee according to the schedule established by the Administrative Office of the United States Courts.

5.      PALAC shall serve a copy of this Order upon the Clerk of this Court.

6.      Upon depositing the funds in accordance with this Order, PALAC shall be, and hereby is, discharged from any and all liability to Nancy, Devin, Cassandra and the Estate relating to the Annuity and/or the death benefits payable thereunder, and that Nancy, Devin, Cassandra and the Estate, be, and hereby are, permanently enjoined from bringing any action or proceeding in any forum, or making any further actual or implied claims, demands and causes of action, asserted or unasserted, liquidated or unliquidated, or bringing any action or proceeding in any forum, arising out of or in connection with PALAC relating to the Annuity and/or the death benefits payable thereunder.

7.      All claims, rights, interests and actions that Nancy, Devin, Cassandra and the Estate  might otherwise have held against PALAC with respect to the Annuity and/or the death benefits payable thereunder are hereby released and Nancy, Devin, Cassandra and the Estate each agrees to hold harmless and indemnify PALAC and its present and former parents, subsidiaries and affiliated corporations, predecessors, successors and assigns and their respective officers, directors, agents, employees, representatives, attorneys, fiduciaries and administrators from all claims concerning the Annuity and/or the payment of the death benefits thereunder.

8.      Any and all claims against PALAC relative to the Annuity and/or the death benefits payable thereunder be, and the same hereby are, dismissed with prejudice and without costs to any party.

9.      This Court shall retain jurisdiction in this action for purposes of determining the rights of Nancy, Devin, Cassandra and the Estate related to the funds to be paid into Court by PALAC in accordance herewith.

10.      Prudential and Nancy waive any rights they may have to seek their fees and costs as to each other only.

1         11.     Prudential and Devin, Cassandra and the Estate of Glenn Roe waive any rights

2    they may have to seek their fees and costs as to each other only.

3         12.  Prudential's appearance at the Settlement Conference in this matter, scheduled on

4    April 1, 2011 at 9:00 a.m., is excused so long as the interpled funds are deposited with the

5

6    Registry of this Court not later than 3:00 p.m. on Thursday, March 31, 2011.  Otherwise

7    Prudential's appearance is required at said Settlement Conference.

8    **IT IS SO ORDERED.**

9    Dated:  March 30, 2011

10   
11                   MORRISON C. ENGLAND, JR.
                UNITED STATES DISTRICT JUDGE

12   Approved as to Form, Victoria C. Minor, Clerk of Court, U.S. District Court.

13   We hereby consent to the form and entry of the within Order:

14   Dated:  March 24, 2011              TIMKEN JOHNSON HWANG LLP

15

16                                     By:  /s/ Christopher J. Gonzalez
                                  CHRISTOPHER J. GONZALEZ

17                                     Attorneys for Plaintiff
                                  THE PRUDENTIAL INSURANCE

18                                     COMPANY OF AMERICA

19

20   Dated:  March 24, 2011              LAW OFFICE OF RICHARD FATHY

21

22                                         By:  /s/ Richard G. Fathy
                                  RICHARD G. FATHY

23                                     Attorneys for Defendants
                                  DEVIN ROE, CASSANDRA ROE, and the

24                                     ESTATE OF GLENN ROE

25   Dated:  March 24, 2011              LAW OFFICE OF RICHARD FRISHMAN

26

27                                       By:  /s/ Richard A. Frishman
                                  RICHARD A. FRISHMAN

28

1

Attorneys for Defendant
NANCY L. FAIRFIELD

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28